## IN THE UNITED STATES DISTRICT COURT,
## NORTHERN DISTRICT OF FLORIDA
### (Gainesville Division)

CARLOS WASHINGTON,            CASE NO.: 1:15-cv-73
    Plaintiff,

vs.

THE CITY OF WALDO, FLORIDA,
a Florida municipal corporation;
CHIEF MICHAEL SZABO, in his official capacity
as (former) Police Chief of the City of Waldo; and
CPL. KENNETH SMITH, individually,

_____Defendants._____/

### COMPLAINT FOR DAMAGES
### AND DEMAND FOR JURY TRIAL

The Plaintiff, CARLOS WASHINGTON, (referred to herein as "Plaintiff") by and through his undersigned attorneys, sues the Defendants, CITY OF WALDO, FLORIDA (referred to herein as "City of Waldo" or "City"), MICHAEL SZABO, in his official capacity as the former Chief of Police of the City of Waldo (referred to herein as "Chief Szabo) and KENNETH SMITH (referred to herein as "Cpl. Smith") individually, and states:

1

## CAUSES OF ACTION

1.    This action is brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the Constitution of the United States and the recovery of attorney's fees and costs pursuant to 42 U.S.C. § 1988; violations of Florida Statute 768.28; and Negligent Retention and Hiring, along with the recovery of costs.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction of this action under 42 U.S.C. §1983 and it has pendent jurisdiction for state law claims pursuant to 28 U.S.C. section 1367.

3.    This is an action for damages in excess of $75,000, exclusive of interests, costs and attorney's fees.

4.    All actions material to this complaint took place within the Northern District of Florida and venue is proper within the Northern District of Florida

## PARTIES

5.    At all times material to this action, the Plaintiff was a resident

6.    of Alachua County, the State of Florida, and the United States

2

of America.

7.    At all times material to this action, Cpl. Smith and Chief Szabo were employed by the Police Department of the City of Waldo.

8.    At all times material to this action, the City of Waldo was a municipal corporation under the laws of the State of Florida.

9.    At all times material to this action, Chief Szabo was the Police Chief of the City of Waldo Police Department. As such, he was responsible for making policy for the department and ensuring the officers under his command, including Cpl. Smith, received appropriate training and supervision and conducted themselves appropriately as police officers.

10.    At all times material to this action, Chief Szabo, as Police Chief, had the responsibility and obligation to investigate all incidents relating to officers' conduct and to discipline inappropriate conduct, including that of Cpl. Smith.

11.    At all times material to this action, Chief Szabo, as Police Chief, was responsible for handling complaints relating to the conduct of police officers.

12.    At all times material to this action, the Defendants were acting

under the color of the law, statute, ordinance, regulations, policies, customs, and usages of the United States of America, State of Florida, and the City of Waldo, Florida.

## GENERAL ALLEGATIONS

13.    On or about April 25, 2011, Plaintiff was driving through the City of Waldo, pulling a trailer and escorting his daughter and wife, who were following in a separate vehicle, on the way to move their daughter in to her college residence.

14.    Cpl. Smith initiated a traffic stop on the daughter's vehicle and Plaintiff also pulled over on U.S. 301 at the Raceway gas station.  Upon seeing this, before coming to a stop, Cpl. Smith said to his ride-along, "They're together."

15.    Plaintiff explained his presence and reason for stopping to Cpl. Smith by saying that the stopped car was his wife and daughter, but Cpl. Smith responded with "I don't care, leave!" Cpl. Smith then drew his gun and said, "Leave or you're going to jail."

16.    Before Plaintiff could move, Cpl. Smith then closed the distance to Plaintiff, grabbed Plaintiff by the shirt, and said "You're going to

4

jail now!"

17.    Plaintiff had his hands at his sides and presented no threat to Cpl. Smith.

18.    An off-duty Gainesville Police Officer, Cardwell, approached to assist Cpl. Smith from the gas station. Cpl. Smith continued to yell at Plaintiff and grab at him.

19.    Cpl. Smith threatened to shoot Plaintiff, stating "I will shoot you."

20.    Cpl. Smith fired his taser at Plaintiff, striking him with one of two darts.

21.    Cpl. Smith then drive-stunned Plaintiff in the back multiple times by pushing his activated taser muzzle into Plaintiff.

22.    Cpl. Smith slammed Plaintiff into the ground, injuring Plaintiff.

23.    Cpl. Smith arrested Plaintiff for purportedly resisting arrest without violence and took him to jail.

24.    On August 9, 2014, the State Attorney's Office filed a Nolle Prosequi to dismiss the criminal charge filed against the Plaintiff as a result of the Incident. A copy of it is attached hereto as Exhibit "A."

25. The force used by Cpl. Smith was excessive in violation of Plaintiff's 4th Amendment right to be free from an unreasonable seizure of his person.

26. Chief Szabo knew or should have known of numerous previous instances of harassment, arrests without probable cause or arguable probable cause, aggressive behavior and unlawful ticketing by officers in the department, including Cpl. Smith, but did nothing to prevent or discourage that behavior.

27. Cpl. Smith had been fired from Alachua Sheriff's Office, High Springs Police Department, and Gilchrist County Sheriff's Office prior to being hired by Waldo Police Department.

28. Chief Szabo knew or should have known that Cpl. Smith had been fired from Alachua Sheriff's Office, High Springs Police Department, and Gilchrist County Sheriff's Office prior to hiring Cpl. Smith.

29. Cpl. Smith was arrested for domestic battery on June 16, 2005 and in the investigation of that matter the Gainesville Police determined that Cpl. Smith was not truthful or credible in that matter.

30. Chief Szabo knew or should have known that Cpl. Smith was

6

arrested for domestic battery on June 16, 2005 wherein the Gainesville Police investigation determined that Cpl. Smith was not truthful or credible in that matter.

31.    In his previous employment with Alachua Sheriff's Office, High Springs Police Department, and Gilchrist County Sheriff's Office, Cpl. Smith had been disciplined no less than seven (7) times between 2004 and 2006.

32.    Chief Szabo knew or should have known that in Cpl. Smith's previous employment with Alachua Sheriff's Office, High Springs Police Department, and Gilchrist County Sheriff's Office, Cpl. Smith had been disciplined repeatedly between 2004 and 2006.

33.    Chief Szabo knew or should have known that in his previous employment with Alachua County Sheriff's Office, Cpl. Smith was rated as deficient in judgment, decision-making, interpersonal relationships, reliability, and professionalism.

34.    Chief Szabo knew or should have known that Cpl. Smith was investigated multiple times by Chief Szabo and/or City Manager Kim Worley while employed by City of Waldo before this Incident, including for

false arrest.

35.    Chief Szabo and City of Waldo knew or should have known that before this Incident, the false arrest of the Plaintiff, Cpl. Smith had falsely arrested others.

36.    For a period of time prior to the false arrest and use of excessive force on the Plaintiff, the City of Waldo was aware of the lack of supervision and training of its police officers and that an atmosphere of police misconduct existed in its police department, including but not limited to, the use of excessive force, but the City failed to take any corrective action.

37.    Chief Szabo was in charge of disciplining Cpl. Smith.

38.    After the Incident, the Plaintiff filed a written complaint with the City of Waldo Police Department.

39.    Chief Szabo personally reviewed the Plaintiff's complaint and exonerated Cpl. Smith of any wrongdoing after reviewing the video of the Incident.

40.    After the Incident, Chief Szabo chose not to notify the Florida Department of Law Enforcement and request that it conduct an investigation

of the Incident.

41.    Chief Szabo did not provide any retraining, discipline or counseling at all to Cpl. Smith regarding the Incident.

42.    At the time of the Incident, the City of Waldo Department did not have an adequate use of force policy and/or procedures.

43.    At the time of the Incident, the Waldo Police Department did not have any protocol requiring the downloading of data recording taser usage so that the police chief or some supervisor could review this data to track usage patterns in order to prevent misuse of a taser.

44.    Cpl. Smith did not have adequate training in the basics requirements for being a police officer, including, but not limited to, determining probable cause and the use of force and Chief Szabo was aware of these deficiencies.

45.    Police Chief Szabo did not perform a proper background investigation before hiring Cpl. Smith.

46.    Prior to hiring Cpl. Smith, Police Chief Szabo did not have any job-related psychological examination performed on Cpl. Smith.

47.    Cpl. Smith had a history of violence, lack of judgment and

decision making, deceit and unprofessionalism.    Chief Szabo hired and retained Cpl. Smith despite these deficiencies.

48.    Despite Cpl. Smith's  deficiencies, Chief Szabo promoted Cpl. Smith to Corporal at Waldo Police Department.

49.    City of Waldo had notice of the deficiencies in its Police Department from multiple complaints over the years, including complaints about Cpl. Smith.

50.    Chief Szabo's actions condoned and ratified the illegal conduct of Cpl. Smith.

51.    At the time the Plaintiff was attacked during the Incident, the Plaintiff was not committing any criminal offense, had not committed any criminal offense, and there was no probable cause or arguable probable cause to believe that the Plaintiff was about to commit any criminal offense.

52.    At the time the Plaintiff was attacked during the Incident, the Plaintiff was not interfering with the officer's lawful performance of his duties.

53.    The use of force against the Plaintiff during the Incident was wholly unnecessary and not related to any legitimate law enforcement

10

purpose under the circumstances presented to Cpl. Smith.

## COUNT I

## <u>VIOLATION OF CIVIL RIGHTS AS TO CORPORAL SMITH</u>

54.    The Plaintiff incorporates paragraphs 2 through 54 above as if fully set forth herein.

55.    Count I is a cause of action against Cpl. Smith for violation of Carlos Washington's civil rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and  42 U.S.C. section 1983 and for the recovery of attorney's under 42 U.S.C. section 1988.

56.    As a direct and proximate result of the Incident, including but not limited to the false arrest, excessive use of force and unlawful physical attack on the Plaintiff by Cpl. Smith, which was committed under the color of law and under his authority as a police officer for the City of Waldo, the Plaintiff suffered grievous bodily harm and was deprived of his right to be secure in his person against unreasonable seizure of his person and the use of excessive force, in violation of his civil rights protected by the Fourth and Fourteenth Amendments to the Constitution of the United States.

57.    As a direct and proximate result of the conduct of Cpl. Smith,

11

the Plaintiff suffered severe and permanent injuries, including permanent injuries to his body, psychological damages, pain and suffering, medical expenses, lost wages, and loss of ability to earn, and will suffer additional damages in the future.

58.    The acts of Cpl. Smith as set forth herein were intentional, unlawful, wanton, malicious, and oppressive.

WHEREFORE, the Plaintiff respectfully request judgment for compensatory damages, punitive damages, costs, attorneys' fees, jury trial and such other relief as the Court deems proper.

## COUNT II

### VIOLATION OF CIVIL RIGHTS AGAINST THE CITY OF WALDO AND CHIEF SZABO

59.    The Plaintiff incorporates paragraphs 2 to 54 above as if fully set forth herein,

60.    Count II is cause of action against The City of Waldo and its then Chief of Police, Chief Szabo, for violation of the Plaintiff's civil rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. section 1983 and for attorney's fees pursuant to 42 U.S.C. section 1988.

61.    The City of Waldo is vested with the authority to make policy for the City, including policies for the police department in the use of force in making arrests and it delegated that policy making authority to the police Chief Szabo.

62.    The City of Waldo Police Department has a history of widespread abuse, unreasonable seizures and use of excessive force and the City of Waldo has been deliberately indifferent to this conduct.

63.    The members of the Waldo City Commission, its City Manager, and/or Chief Szabo were aware of this pattern of unreasonable seizures, abuse, and use of excessive force by City of Waldo by its police officers, having received numerous reports of similar misconduct by these same officers, and they knew or should have known that the City's policies regarding the training and discipline of its police officers accused of false arrest or excessive force was so inadequate that it was obvious that a failure to correct them would result in further incidents of false arrest or excessive force by these officers.  Despite this knowledge the City failed to take any corrective action.

64.    Chief Szabo personally participated in the false arrest of other

13

innocent citizens, similar to the arrest in the Incident.

65.    The City of Waldo, its City Manager, Kim Worley, and Chief Szabo reviewed and ratified the actions of the City's police officer in the Incident, including the false arrest of and excessive use of force upon the Plaintiff.

66.    At all times material to this action, Cpl. Smith and Chief Szabo were acting as employees of the City of Waldo and were acting pursuant to the official policy, practice, and custom of the City of Waldo and the Waldo Police Department.

67.    Acting under color of state law and pursuant to the custom, policy and practice of the City of Waldo, Chief Szabo in his official capacity as the Waldo Chief of Police and in the course and scope of his supervisory authority, intentionally, knowingly or recklessly failed to instruct, supervise, control, and discipline on a continuing basis officers in the City of Waldo Police Department, including Cpl. Smith from using unreasonable and excessive force during the Incident resulting in the arrest of the Plaintiff. Accordingly, the City of Waldo caused or contributed to the violation of the Plaintiff's civil rights   under the   Fourth Amendment and Fourteenth

Amendments to the United States Constitution.

68. Acting under the color of state law and pursuant to its custom, policy and practice, the City of Waldo and Chief Szabo intentionally, knowingly, or recklessly failed to instruct, supervise, control, and discipline police officers, including Cpl. Smith, on a continuing basis regarding the probable cause necessary for the arrest of citizens and, accordingly, caused or contributed to violations of the Plaintiff's rights protected by the Fourth Amendment to United States Constitution.

69. The City of Waldo and Chief Szabo knew or by the exercise of reasonable care should have had known, of the deficiencies within the City of Waldo Police Department that caused and contributed to the acts in the Incident.

70. The City of Waldo and Chief Szabo had the power to prevent the commission of wrongs committed during the Incident by reasonable diligence, but intentionally, knowingly, and recklessly failed to do so.

71. The complaints and disciplinary history of the officers under Chief Szabo's command put Chief Szabo and the City of Waldo on notice of the danger of employing such officers.

15

72.   The complaints and disciplinary history of the officers under Chief Szabo's command put Chief Szabo and the City of Waldo on notice of the need for training of its police officers.

73.   Chief Szabo's policies, practices and procedures resulted in deliberate indifference to the constitutional rights of the public and, in particular, the Plaintiff.

74.   The acts of Chief Szabo, as set forth herein were intentional, unlawful, wanton, malicious, and oppressive.

75.   Defendant, City of Waldo and Chief Szabo directly or indirectly under color of law approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Cpl. Smith in the Incident.

76.   As a direct and proximate cause of the acts and omissions by Defendants the City of Waldo and Chief Szabo committed under color of state law, the Plaintiff suffered grievous bodily injury, severe and permanent injuries, including permanent injury to his body, psychological damage, pain and suffering, medical expense, lost wages, loss of ability to earn, and will suffer additional damages in the future.

77.   As a direct and proximate result of the acts and omissions of

16

the City of Waldo and Chief Szabo, the Plaintiff was deprived of his right to be free from unreasonable seizure of his person and the use of excessive force, in violation of his rights protected by the Fourth and Fourteenth Amendment to the United States Constitution.

WHEREFORE, the Plaintiff, CARLOS WASHINGTON, requests judgment be entered against the City of Waldo and Chief Szabo in his official capacity, for compensatory damages, attorney's fees, costs, jury trial and other such relief as the Court deems proper.

## COUNT III

## BATTERY AS TO CITY OF WALDO

78.    The Plaintiff incorporates paragraphs 2 through 54 above as if fully set forth herein.

79.    Count III is a cause of action against the City of Waldo for battery pursuant to Florida Statute section 768.28.

80.    All conditions precedent to this action, including pre-suit notification to the Defendants, have occurred or have been performed.

81.    At the time of the Incident, Cpl. Smith and Chief Szabo were

17

employees of the Defendant, City of Waldo, and were acting in the course and scope of their employment in as much as they were acting to arrest a citizen.

82.    During the apprehension of the Plaintiff, Cpl. Smith, without lawful authority, committed a battery upon Plaintiff by grabbing him repeatedly and repeatedly administering a taser in an excessive manner that was not reasonable under the circumstances presented during the Incident.

83.    The actions of the Cpl. Smith were not in the lawful performance of his duty.

84.    Cpl. Smith had no probable cause or arguable probable cause to believe that the Plaintiff had committed, was committing, or was about to commit any criminal offense.

85.    The use of force exerted upon the Plaintiff during the Incident was exercised when officer Smith was in no real or immediate danger of being subjected to any physical harm or force by the Plaintiff as the Plaintiff was unarmed standing with his hands at his side.

86.    As a direct and proximate result of the conduct of Cpl. Smith, the Plaintiff suffered severe and permanent injuries, including permanent

injuries to his body, psychological damages, pain and suffering, medical expenses, lost wages, and loss of ability to earn, and will suffer additional damages in the future.

WHEREFORE, the Plaintiff, CARLOS WASHINGTON, respectfully request judgment against the City of Waldo for compensatory damages, costs, jury trial and other such other relief the Court deems proper.

## COUNT IV

## FALSE ARREST AS TO CITY OF WALDO

87.    The Plaintiff incorporated paragraphs 2 through 54 above as if fully set forth herein.

88.    Court IV is a cause of action against the City of Waldo for False Arrest pursuant to § 768.28 of the Florida Statutes.

89.    All conditions precedent to this action, including pre-suit notification to the Defendants, have occurred or have been performed.

90.    Cpl. Smith arrested the Plaintiff without any probable cause or arguable probable cause to believe that he had committed, was committing, or about to commit any criminal offense.   The Plaintiff was physically apprehended and imprisoned as a result of this false arrest.

91.    As a direct and proximate result of the conduct of Cpl. Smith's actions, the Plaintiff suffered severe and permanent injuries, including permanent injuries to his body, psychological damages, pain and suffering, medical expenses, lost wages, and loss of ability to earn, and will suffer additional damages in the future.

WHEREFORE, the Plaintiff, CARLOS WASHINGTON, respectfully requests judgment for compensatory damages, attorney's fees, costs, a jury trial and such other such relief as the Court deems proper.

## COUNT V

## NEGLIGENT HIRING AND RETENTION AS TO CITY OF WALDO

92.    The Plaintiff incorporates paragraphs 2 through 54 above as if fully set forth herein.

93.    Count V is a cause of action the City of Waldo for negligent hiring and retention of Cpl. Smith pursuant to § 768.28 of the Florida Statutes.

94.    All conditions precedent to this action, including pre-suit

notification to the Defendants, have occurred or have been performed.

95.    At all times material to this action and the Incident, Cpl. Smith was employed by the City of Waldo as a police officer.

96.    At the time of the Incident, Cpl. Smith was acting in the course and scope of his employment as a police officer for the City.

97.    The City had a duty to the public, including the Plaintiff, to undertake a reasonable investigation prior to hiring police officers in order to make sure that only people who are suitable for the position are hired as police officers.

98.    The City of Waldo hired Cpl. Smith as a police officer without the City undertaking a reasonable investigation to make sure that Cpl. Smith was suited to be a police officer for the City.

99.    An reasonable investigation of Cpl. Smith's background, which was readily available to the City, would have revealed the unsuitability of Cpl. Smith for being hired as a police officer.

100.    The City of Waldo knew or should have known that Cpl. Smith had a history of on-duty misconduct, including multiple terminations from other law enforcement agencies and an arrest.

101. It was unreasonable for the City of Waldo to hire Cpl. Smith as a police office in light of the information it knew or should have known by the exercise of reasonable care.

102. The City breached its duty to the public, including the Plaintiff, by failing to conduct a reasonable investigation into the Cpl. Smith's background as it would have disclosed his history of bad conduct as a police officer and his unfitness for the position of police officer.

103. Cpl. Smith continued his past course of bad conduct as a Waldo police officer.

104. Prior to the Incident, Chief Szabo recommended terminating Cpl. Smith as a police officer, however, the Waldo City manager refused to do so.

105. The City has actual knowledge of Cpl. Smith's unsuitability to be a police officer when the City's own police chief, Chief Szabo, recommended that Cpl. Smith be terminated.

106. It was unreasonable for the City of Waldo to continue to retain Cpl. Smith as a police officer after Chief Szabo recommended firing him.

107. The City of Waldo breached its duty to the public, including the

Plaintiff, by failing to terminate Cpl. Smith when this police officer continued his misconduct as a police officer when employed by the City and after Chief Szabo recommended firing Cpl. Smith.

108.   As a direct and proximate cause of the City's failure to conduct a reasonable investigation of Cpl. Smith's suitability to be a police officer and the City's failure to terminate Cpl. Smith when his misconduct continued and Chief Szabo recommended firing him, the Plaintiff suffered permanent injuries to his body, psychological damages, pain and suffering, medical expenses, lost wages, and loss of ability to earn a living and will suffer additional damages in the future.

Wherefore, the Plaintiff, Carlos Washington, requests judgment be entered against The City of Waldo for compensatory damages, costs of suit, jury trial and such other relief the Court deems proper.

DATED this 21st day of April 2015.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a trial on all issues so triable in each count of this complaint pursuant to Rule 38 Fed. R. Civ. P. and Rule 1.430 Fla. R. Civ. P.

Respectfully submitted,

ROBERT A. RUSH, P.A.

/s/     Robert A. Rush
Robert A. Rush
Florida Bar No.: 559512
robert@robertarushpa.com
Jacob A. Rush
jake@robertarushpa.com
Florida Bar No.: 54078
11 S.E. 2nd Avenue
Gainesville, Florida  32601
Tel:  (352) 373-7566
Fax:  (352) 376-7760
Attorneys for Plaintiff

IN THE COUNTY COURT OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

STATE OF FLORIDA
    Plaintiff,

Case Number: 01-2011-MM-002710-A
C.R.#:  WAPD11-184
DIVISION III

vs.

CARLOS ANTONY WASHINGTON
    Defendant.

## CASE ACTION REPORT
## NOLLE PROSEQUI

The State of Florida, by the undersigned authority, enters a **NOLLE PROSEQUI** in the above entitled action dismissing **ALL CHARGES** due to:

11    INSUFFICIENT EVIDENCE TO SUSTAIN A CONVICTION

**EVIDENCE:**
    The Evidence Custodian is hereby authorized to:

    ( ) Retain custody of the evidence until instructed otherwise.

    (✗) Dispose of the evidence in accordance with Florida Statutes.

    I HEREBY CERTIFY that a copy hereof has been furnished to NICK G. ZISSIMOPULOS ESQUIRE, 11 SE SECOND AVENUE, GAINESVILLE, FL 32601, this __6th__ day of August, 2011.

                WILLIAM P. CERVONE
                STATE ATTORNEY

                J. HARLAN MCGUIRE
                Assistant State Attorney
                Florida Bar Number:  089145

cc:    CPL KENNETH W. SMITH, WALDO POLICE DEPARTMENT
      JAIL
      WPD EVIDENCE CUSTODIAN
      PROBATION / PAROLE



EXHIBIT
A